(No. 49764.—

*In re* ESTATE OF SCOTT W. LUCAS, Deceased.—(Scott W. Lucas, Jr., Appellant, v. David F. Alexander, Appellee.)

*Opinion filed April 3, 1978.*

278

William M. Giffin and Thomas J. Immel, of Burditt & Calkins, of Springfield, for appellant.

David F. Alexander, of Havana, *pro se.*

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Scott W. Lucas, Jr., surviving executor of the estate of Scott W. Lucas, Sr., deceased, appealed from the order of the circuit court of Mason County appointing a special administrator of the estate with will annexed to prosecute an action for the recovery of certain damages and from a second order removing him as executor of the estate. The appellate court affirmed (48 Ill. App. 3d 1009), and we allowed the executor's petition for leave to appeal. The pertinent facts are fully set forth and the circuit court proceedings are described in sufficient detail in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues.

Scott W. Lucas, Sr., died testate on February 22, 1968, naming Scott W. Lucas, Jr. (hereafter the executor), and Allen T. Lucas, Sr., co-executors. The will, *inter alia,* provided for the creation of a testamentary trust, the income from which was to be payable to the executor for life, with the remainder, upon his death, to be distributed to his children. Allen T. Lucas, Sr., the co-executor, a practicing lawyer of Springfield, died on November 19, 1973. The executor obtained the assistance of other counsel and prepared, filed and presented to the court a final account and a supplement thereto which were approved respectively on August 5, 1974, and October 10, 1975.

On September 5, 1975, the executor filed a "petition to extend time for closing of estate and leave to file suit and employ counsel." It was alleged in the petition that the executor had discovered transactions with relation to the sale and purchase of certain of decedent's stocks which

were made during the administration of the estate, in violation of the Illinois Probate Act. David F. Alexander, the guardian *ad litem* appointed to represent the minor remaindermen in the proceedings to approve the executor's final account, filed an objection to the petition, alleging that the executor might be liable for the acts of those against whom he sought to institute action, and therefore was not the proper party to institute the suit. On December 1, 1975, the executor, individually and as executor of the estate, filed suit in the United States District Court for the Southern District of Illinois against a brokerage firm, alleging certain improprieties in the purchase and sale of stocks in the decedent's portfolio. On December 2, 1975, the circuit court entered an order allowing the executor's motion to extend the time for closing the estate, denying the motion for leave to file suit, and appointing the guardian *ad litem* as special administrator with will annexed for the purpose of filing the action which the executor sought to file. On December 22, 1975, the executor filed notice of appeal from that order.

On December 31, 1975, the circuit court, on its own motion, filed a supplemental order revising the order of December 2. It struck from the order that portion which appointed the special administrator, and ordered a citation to issue against the executor to show cause why he should not be removed as executor. On February 11, 1976, the circuit court, holding that the executor was in a position of conflict of interest, entered an order removing him as executor and appointed Mr. Alexander as administrator with the will annexed. The executor filed a notice of appeal from that order.

We consider first the executor's contention that the circuit court was without jurisdiction to enter the orders of December 31, 1975, and February 11, 1976. He argues that following the filing of the notice of appeal from the order of December 2 the circuit court was without

jurisdiction and that its purported revision of its earlier order was a nullity. He argues, too, that the appellate court erred in its statement that "[n]o procedural question was raised on appeal concerning the order[s] ***" and in treating them as a series of orders to be considered in their entirety (48 Ill. App. 3d 1009, 1013).

Although the jurisdiction of the appellate court attached upon the filing of the notice of appeal (*City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 472), the circuit court clearly retained jurisdiction to hear and determine matters independent of and collateral to the subject matter of the order from which the appeal was taken. Proceedings seeking the appointment of a special administrator are separate and distinct from those seeking the removal of an executor and are governed by different provisions of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, pars. 200, 276). Section 276 provided that the court, on its own motion, could remove the executor. The fact that the order for the issuance of the citation to show cause was contained in the order of December 31, 1975, which also purported to vacate the earlier order appointing the special administrator, rather than in a separate order, would not serve to deprive the circuit court of jurisdiction.

We need not and do not consider the effect of that portion of the order entered subsequent to the filing of the notice of appeal which vacated the appointment of the special administrator. The administrator with the will annexed had all the powers and duties of the executor (Ill. Rev. Stat. 1975, ch. 3, par. 81), including those of the special administrator, and the order appealed from became moot.

We consider next the question whether the record supports the order for the executor's removal. We agree with the appellate court that the power to remove an executor may only be exercised for good cause reflected in the record and that "[o]nce 'reasonable grounds' to

support the removal are introduced into the record, the executor will have the burden of proving his fitness to retain office." (48 Ill. App. 3d 1009, 1014.) There is no question that the estate lay dormant for some period of time resulting in the late filing of tax returns and the incurring of some penalties, and that the stockbrokerage firm upon which the testator had relied may, during that period, have perpetrated some frauds against the estate. The record shows, however, that during that period the executor shared the responsibility for the administration of the estate with a co-executor who was also an attorney, and with the attorney for the estate, who was a long-time associate of the testator. The record reflects that upon the death of his co-executor, the executor promptly employed other counsel and took such action as was necessary to complete the administration of the estate and the transfer of the assets to the trustees. He prepared and filed, and the circuit court approved, a final account and a supplement thereto. The record shows that the interests of the executor are identical to the interests of the estate and that it was to his best interests to preserve the assets of the estate and realize the maximum recoverable therefrom.

The rule to show cause charged that the executor "wasted or mismanaged the Estate or mismanaged the assets of said Estate by making unauthorized investments," "filed suit \*\*\* after having been advised by the Court prior to that time that said executor would be denied such authority," and that "said executor has conflicting interests as found in the Court's order of December 2, 1975." There was no evidence to support the charge contained in the rule to show cause, and we do not consider that the citation constituted "reasonable grounds" for the removal. We do not agree with the appellate court that it was sufficient to shift to the executor the burden of proving his fitness to retain office.

Although concededly there is some possibility that the

executor might ultimately be held liable for some of the stock transactions which resulted in the losses to the estate, the record does not support the removal of any of the grounds enumerated in section 276 of the Probate Act. As stated in the dissenting opinion in the appellate court, "the possibility that the surviving executor might have personal liability" was not sufficient basis for discharging him as executor. 48 Ill. App. 3d 1009, 1015.

For the reasons stated, the judgment of the appellate court is reversed and the cause remanded to the circuit court of Mason County with directions to vacate the orders appealed from, and for further proceedings.

*Reversed and remanded,*
*with directions.*