*In re* ESTATE OF GERALD MEYERS, Deceased.—(Joseph Meyers *et al.,* Petitioners-Appellees, *v.* Bertha Meyers, Adm'r of the Estate of Gerald Meyers, Respondent-Appellant.)

Second District   No. 82—463

Opinion filed March 8, 1983.

John C. Ambrose, of Ambrose & Cushing, P.C., of Chicago, for appellant.

Edward S. Lipsky and Dennis M. Sbertoli, both of Zipperman, Levin, Shaps & Lipsky, of Chicago, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Bertha Meyers, administrator of the estate of Gerald Meyers, deceased, appeals from an order of the circuit court of Lake County which directed her to distribute a total of $6,000 to four of the deceased's five children. On appeal, she contends that this order, which on its face ordered payment of a child's award, in fact gave impermissible preferential treatment to an order which had been entered, subsequent to the death of the decedent, in dissolution of marriage proceedings pending in the circuit court of Cook County for the payment of the children's educational expenses.

The deceased, Gerald D. Meyers, died on December 13, 1980, survived by the administrator (his spouse) and by his five children of a previous marriage, four of whom are adults. On March 23, 1982, the deceased's children filed petitions to remove the administrator in view of her failure to file an inventory; to spread of record an order for school expenses previously entered in the circuit court of Cook County; and to award each of the children a child's award of $2,000. The Cook County judgment referred to above was signed by Judge Charles J. Fleck, Jr., and reflected that the court in the dissolution of marriage proceedings had determined that four of the children had "certain immediate and mandatory expenses required for them to commence school," the total amount of such expenses being $6,000. The Cook County court concluded that by law (Ill. Rev. Stat. 1981, ch. 40, par. 513), the children had a valid claim and right to the amounts in question. The administrator was therefore ordered to apply forthwith for a withdrawal and distribution from the estate of the amounts in question.

The administrator subsequently filed an inventory listing assets of $16,304.58 plus 100 shares of stock of undetermined value and a cause of action for the wrongful death of the deceased, also of undetermined value. In view of the filing of the inventory, the petition to remove the administrator was denied. On May 4, 1982, the administrator filed a petition for a spouse's award of $12,000. She also filed an objection to the petition for child's award, contesting the jurisdiction of the circuit court of Cook County in the dissolution of marriage proceeding to enter orders against the estate and challenging the right of the children to an award.

On May 5, 1982, the circuit court of Lake County, acting on the petitions filed by the children, ordered the administrator to withdraw and distribute various amounts to the children, "said funds heretofore ordered by the Honorable Charles J. Fleck, Jr." No provision was made for a fifth child, Deedre Meyers, who had not been mentioned in Judge Fleck's order. The administrator appealed and raises a single issue: Whether funds should be paid from the decedent's estate in accordance with a post-judgment order for educational expense prior to disbursement of other claims in due course of administration.

On appeal, the administrator characterizes the trial court's order as an award of educational expenses to the children pursuant to the judgment for dissolution of marriage and contends that such an award should have been paid out of the estate in the normal course of administration. The children respond that the trial court's order was a child's award predicated on section 15—2(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 15—2(a)).

The administrator, without discussing the child's award question, asserts that the trial court's order in the present case directs payment of the children's educational expenses pursuant to the order of the court in the dissolution of marriage proceedings. In her view, the Cook County order merely adjudicated the estate's liability for these expenses, which judgment should have been treated as a seventh class claim. (Ill. Rev. Stat. 1981, ch. 110½, par. 18—10.) Since the trial court's order erroneously accorded that claim preferred status and jeopardized the sufficiency of the estate's assets to provide the minimum spouse's award provided by law (Ill. Rev. Stat. 1981, ch. 110½, par. 15—1), the administrator contends that the order requiring payment to the children from the assets of the estate must be reversed.

In support of her position, the administrator cites cases in which it was decided that accrued rights to alimony previously adjudicated in divorce proceedings rank as seventh class claims against the estate and are not to take precedence over the spouse's award. (*In re Estate of Schwarz* (1966), 76 Ill. App. 2d 114; *Pilackus v. Pilackus* (1946), 328 Ill. App. 126 (abstract of opinion).) In response, the children assert that the sum awarded them by the trial court's order was a proper child's award and that, particularly in view of the administrator's failure to file a report of proceedings, there is an insufficient basis upon which the trial court's order may be reversed.

■ The purpose of the statutory spouse's award is "to help alleviate the widow's problems by removing as many of her financial worries as possible during this difficult period." (*In re Estate of O'Neill* (1982), 104 Ill. App. 3d 488, 489; *In re Estate of Handmacher* (1965),

60 Ill. App. 2d 376, 380.) The statute does not restrict the widow to the bare necessities of life, but rather provides for a sum of money which will allow her to live for a period of nine months after the death of her spouse in the manner to which she has been accustomed. (60 Ill. App. 2d 376.) The minimum amount of the award is not discretionary, and the court is not required to hear evidence prior to making such an award. *In re Estate of Buehnemann* (1975), 25 Ill. App. 3d 1003.

Contrary to the position advanced by the administrator, the law does not accord the surviving spouse's award preference over the child's award. Both are second-class claims against the estate. (Ill. Rev. Stat. 1981, ch. 110½, par. 18—10.) Moreover, award of the minimum amount provided as a child's award has, like the spouse's award, been held not to be a matter for the trial court's discretion. (*In re Estate of Lewis* (1974), 18 Ill. App. 3d 748 (construing Ill. Rev. Stat. 1973, ch. 3, par. 179).) When the estate is insufficient to pay the claims in any one class, the claims in that class are to be paid *pro rata.* Ill. Rev. Stat. 1981, ch. 110½, par. 18—13; see *Ramsay v. Ramsay* (1902), 196 Ill. 179.

In the present case, the trial court had before it petitions for a spouse's award and for the children's awards, as well as the petition for educational expense. The record contains no indication that any action was taken by the court concerning the spouse's award petition at the time that the court acted on the children's petition. Nor, despite the statement in the children's brief that the court had oral testimony before it in rendering its decision, does it appear that any such testimony was taken in the probate proceedings. The record also does not reflect that the court heard testimony concerning the estate's assets and the amount of any first-class claims, or that it considered the proration of the respective awards in view of the possible inadequacy of the estate to satisfy all of the statutory second-class awards in full. To the contrary, the order appealed from reflects only that the hearing had been continued "for the presentment of certain statements of expenses from the Petitioners' Educational Institutions" and that the sums eventually awarded were "heretofore ordered by the Honorable Charles J. Fleck, Jr." Thus, while the court in Cook County may have heard testimony on the amount of the children's foreseeable educational expenses, and certain portions of that record may have been considered by the trial court in the probate proceedings, we find no indication that testimony was taken concerning the adequacy of the estate to satisfy all of the spouse's and child's awards provided for by law. Nor did the court determine that the es-

tate's assets were adequate to pay all the second-class claims or pro-rate its award accordingly. The amount of first-class claims against the estate has not been made a matter of record, nor has this court been provided with a record sufficient to permit review of the question of whether any required proration of the awards has been done correctly. Indeed, it appears that the trial court had not acted upon the administrator's petition for a spouse's award or the petition for a child's award at the time this appeal was filed. Computation of a child's award based solely upon another court's computation of that child's educational expenses does not comport with the statutorily prescribed purpose of the award. On the record before us, it is apparent that the court's allowance is for educational purposes and not children's awards.

As an alternative basis for affirming their award, the children claim that the trial court's order may be sustained on appeal even if it is determined not to represent a valid child's award. In support of this position, the children rely upon *In re Marriage of Dulyn* (1980), 89 Ill. App. 3d 304. That case involved, *inter alia*, a discussion of the impact of section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510) upon prior law (see *In re Estate of Lewis* (1974) 18 Ill. App. 3d 748), which held that a parent's support obligation terminated at death. However, neither section 510 of the Illinois Marriage and Dissolution of Marriage Act nor the *Dulyn* case which construed it, provides that the support obligation is to be considered a priority claim against the estate. We therefore conclude that the trial court's order is not justified on the basis of this second rationale advanced by the children.

The judgment of the circuit court of Lake County is reversed.

Reversed.

SEIDENFELD, P.J., and REINHARD, J., concur.