*In re* ESTATE OF WARREN W. DEGNER, Deceased (James Degner *et al.*, Respondents-Appellants, v. Lucille C. Lane, Petitioner-Appellee).

First District (4th Division)   No. 86—3496

Opinion filed December 17, 1987.

Sosin & Schuster, Ltd., of Alsip (Richard T. Cummings, of counsel), for appellants.

Thomas E. Buess, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Following the death of Warren W. Degner, the guardian *ad litem* for Degner's disabled adult child applied for an award of support pursuant to section 15—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 15—2.) The executors challenged the applicability of the statutory support award on the ground that the decedent was not providing support for his adult child, Loretta, at the time of his death. The trial court ruled in favor of Loretta Degner and awarded her the statutory minimum of $12,000. On appeal, the executors contend that the scope of the statute is limited to dependent children who are in fact receiving financial support from the decedent at the time of death.

We affirm.

BACKGROUND

Warren Degner died testate on July 9, 1985. He was survived by eight children, all of whom except Loretta are residuary beneficiaries under the will. James Degner, the decedent's son, and his wife were appointed co-executors of the estate.

Loretta, then 41 years old, has been diagnosed as mentally retarded. She also suffers psychiatric and neurologic disorders. According to statements taken by investigators on behalf of the guardian *ad litem,* Loretta was known to be retarded by the time she was six or seven. She also suffered a severe head injury while in elementary school. Apparently she was mistreated by her parents, beaten and scorned, and at the age of 20, Loretta was thrown out of her parents' home.

Loretta has spent much of her life in institutions, dependent on public aid to pay for her care. She also receives childhood disability benefits from the Social Security Administration, based on her father's earnings. Such benefits are available for children who become disabled before they reach the age of 22.[1] In connection with the grant of these benefits, the Social Security Administration determined

---

[1]To be considered "disabled" for purposes of the benefits, a person must be unable to engage in any substantial gainful employment because of a physical or mental impairment.

that Loretta was disabled prior to the age of 18.

The guardian *ad litem* applied to the probate court for the statutory child award and received the sum of $12,000 on Loretta's behalf, as well as fees and expenses.

OPINION

The sole question on this appeal is whether Loretta is an "adult dependent child" within the meaning of section 15—2(b) (Ill. Rev. Stat. 1985, ch. 110½, par. 15—2(b)). This statute provides: "If a deceased resident of this State leaves no surviving spouse, there shall be allowed to all children of the decedent who were minors at the date of death and all *adult dependent children,* exempt from the enforcement of a judgment, garnishment or attachment in the possession of the representative, such a sum of money as the court deems reasonable for the proper support of such children for the period of 9 months after the death of the decedent in a manner suited to the condition in life of such children and to the condition of the estate. The award may in no case be less than $2,000 for each such child, together with an additional sum not less than $10,000, which additional such sum shall be divided equally among such children or apportioned as the court directs and shall be paid for the benefit of any such child to such person as the court directs." (Emphasis added.)

The Probate Act defines "dependent" to mean "a person who is unable to maintain himself and is likely to become a public charge." Ill. Rev. Stat. 1985, ch. 110½, par. 1—2.06.

In essence, the executors' position is that since the deceased was not providing financial support for Loretta at the time of his death, she was not "dependent" upon him within the meaning of the statute. They argue that the support award is designed to allow the surviving children to maintain the standard of living previously enjoyed for a short time after the decedent's death. In this case, Loretta had not been supported by the decedent for over 20 years. Without citing any supporting authorities, the executors urge us to adopt their interpretation of the statute as facilitating "the purpose of the award in that only those whose condition in life is altered by the death of the decedent are entitled to the award." They further contend that since Loretta is already a public charge, she cannot "become" one.

The executors' argument misses the point. Both minors and adult "dependent" children are included in the statute's coverage, without any requirement that either be in fact financially dependent upon the deceased as of the date of death. Some minors might not be receiving support from their parents and might even be independently wealthy.

Even so, such children would be entitled to at least the minimum award; in effect, there is a presumption that minor children are "dependent."

Likewise, if the decedent's child is an adult who is a "dependent," defined as being unable to maintain himself and likely to become a public charge, he must also be given the requisite award under the statute. The term dependent was not defined in section 1—2.06 as one who is actually receiving financial support, as the executors would infer. Rather, the definition of "dependent" focusses on the recipient of such support; is she "unable to maintain" herself and likely to become a public charge? In this case, the answer is "Yes." Loretta is obviously unable to maintain herself. She already has become a public charge because of that fact. Accordingly, the executors' attempt to establish her lack of actual financial dependence on her father is meaningless.

To bolster their insistence that Loretta was not dependent on her father at the time of his death, the executors quote a dictionary definition of "dependent." They further cite a section of the Mental Health and Development Disabilities Code that states that "[n]o parent is liable under this Act for the services charges incurred by a child after such child reaches the age of majority." (Ill. Rev. Stat. 1985, ch. 91½, par. 5—105.) We do not find these additional bases in support of their interpretation to be relevant to the express terms of the Probate Act. The quoted provision of the Mental Health Code has no bearing on what a different statute in a different Act defines as "dependent." Nor can a general, dictionary definition of the word substitute for the definition contained in section 1—2.06 of the Probate Act.

It is reasonable to assume that the legislature intended that the child's award be liberally given, so that the minor children and the disabled adult children of a decedent are supported for the nine-month statutory period. (See *In re Estate of Swisher* (1983), 114 Ill. App. 3d 42, 448 N.E.2d 182. See generally *Strom v. Strom* (1957), 13 Ill. App. 2d 354, 142 N.E.2d 174 (parents have an obligation to support mentally or physically disabled children after the age of majority).) Moreover, an award of the minimum is not a matter of discretion. (*In re Estate of Meyers* (1983), 113 Ill. App. 3d 886, 446 N.E.2d 892.) Consequently, we believe that the award is in the nature of an entitlement that cannot be lightly disregarded. Loretta has a statutory right to the money.

We are not persuaded to artificially limit the scope of the child award provision of the Probate Act, since the dependent adult child

need only show her inability to maintain herself and likelihood of becoming a public charge because of that fact. Therefore, we affirm the order of the probate court, which awarded $12,000 to Loretta Degner as the dependent adult child of the deceased.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.

