2023 IL App (1st) 221808-U

SIXTH DIVISION
September 8, 2023

No. 1-22-1808

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| Darlene Lewis Fuller,<br><br>　　　Plaintiff-Appellant,<br><br>v.<br><br>Stacey Bolden Bowers,<br><br>　　　Respondent-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Cook County<br>Law Division<br><br>No. 2021 P 003698<br><br>The Honorable<br>Terrence McGuire,<br>Judge Presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1　Held:　The judgment of the circuit court is affirmed. The circuit court's decision to revoke Darlene Lewis Fuller's appointment as Independent Administrator of Wallace Scott Johnson Sr.'s estate and to appoint Stacey Bolden Bowers as Supervised Administrator was not against the manifest weight of the evidence. We lack jurisdiction to consider Lewis Fuller's argument that the circuit court erred by imposing contempt of court sanctions against her because she did not file a notice of appeal from the court's contempt order.

¶ 2                                  I. BACKGROUND

¶ 3     Darlene Lewis Fuller appeals, *pro se*, the circuit court's decision to revoke her appointment as Independent Administrator of the estate of her grandfather, Wallace Scott Johnson Sr., and its decision to appoint legatee Stacey Bolden Bowers as Supervised Administrator. Bolden Bowers is Johnson's granddaughter from a different marriage.

¶ 4     Johnson passed away on December 3, 2020, in Chicago, Illinois. On May 18, 2021, Florrie Shelton, through her attorney Damon Doucet, filed a petition seeking to be appointed executor of Johnson's estate. On August 5, 2021, Doucet moved to withdraw as Shelton's counsel. That same day, attorney Jeffrey Gottlieb entered his appearance on behalf of Bolden Bowers. After granting Doucet's motion to withdraw on September 20, 2021, the court allowed Shelton additional time to obtain new counsel.

¶ 5     On December 10, 2021, Lewis Fuller, through her attorney Angela Iaria, filed a Petition for Probate of Will and for Letters of Administration with Will Annexed, alleging that Shelton was "declining to act" and asking to be appointed as Independent Administrator and for Letters of Office to issue.

¶ 6     On February 10, 2022, the court entered an order, admitting Johnson's will to probate and appointing Lewis Fuller as Independent Administrator of his estate. The order stated that Lewis Fuller was "authorized to take possession of and collect the estate of the decedent and to [sic] all acts required by law."

¶ 7     On March 30, 2022, Iaria moved to withdraw as Lewis Fuller's counsel due to a "breakdown in the attorney-client relationship."

¶ 8     On April 11, 2022, the court issued an order, continuing the matter until May 17, 2022. The court's order stated that Lewis Fuller "must retain an attorney, or face sanctions *including*

*possible removal*." (Emphasis added.)

¶ 9     Lewis Fuller was not present at the May 17, 2022, hearing. The court's June 28, 2022, order states that "suspended administrator" Lewis Fuller appeared without counsel. That order granted Iaria's motion to withdraw and stated that the "Letters of Office for Darlene Fuller, which had been suspended, are now revoked." It granted Bolden Bowers leave to file a Petition to Appoint Successor Administrator through her attorney.

¶ 10    On July 5, 2022, Bolden Bowers filed a petition, asking to be appointed Independent Administrator with the Will Annexed and for Letters of Office to issue. Because she resided in California, she designated her attorney, Gottlieb, as her representative.

¶ 11    On July 7, 2022, Lewis Fuller, through her new counsel Leon Teichner, filed a petition to vacate the court's June 28, 2022, order. In her petition, she noted that the court had revoked her appointment as independent administrator "for in part no longer having an attorney of record." Lewis Fuller asked the court to reappoint her administrator of Johnson's estate, and stated that she was now "ready, willing and able to resume her duties and obligations as independent administrator of the estate *** with the assistance of counsel."

¶ 12    On July 11, 2022, the court denied Lewis Fuller's petition to vacate its earlier order, and appointed Bolden Bowers to act as Supervised Administrator with the Will Annexed.

¶ 13    On August 23, 2022, Teichner filed a motion to withdraw as Lewis Fuller's counsel.

¶ 14    On September 1, 2022, Lewis Fuller filed a motion for a substitution of judge for cause, alleging that the judge had acted "in violation of several judicial code of Conduct Rules," engaged in *ex parte* communications with Bolden Bowers, and showed "favoritism" towards Bolden Bowers "because she is an attorney." She also said that a statement by Bolden Bowers' attorney – that it had "come to his attention that [Lewis Fuller] had gifted [Johnson's] car away" – "helped

sway the judge into allowing Stacey Bolden Bowers to be the administrator, knowing that this is grounds for the removal of an administrator."

¶ 15    On September 12, 2022, the court held Lewis Fuller in direct criminal contempt of court for "bringing this court and three appearing attorneys into disrepute by characterizing the court and the attorneys in a disparaging manner."

¶ 16    On October 11, 2022, Lewis Fuller filed a "Petition Joining to Remove Stacey Bolden as Administrator for Embezzlement, Inheritance Hijacking, Misappropriation of Funds, Waste, Mismanagement, Conflict of Interest, Good Cause." In this motion, Lewis Fuller alleged that Bolden Bowers "embezzled $50,000."

¶ 17    On October 13, 2022, Lewis Fuller failed to appear at a scheduled hearing. The court stated that she could purge the contempt finding if she appeared in court, but if she failed to appear at the next Zoom hearing on November 17, 2022, she could be required to serve up to six months in Cook County Jail.

¶ 18    On November 17, 2022, Lewis Fuller appeared in court via Zoom. The court granted Teichner's motion to withdraw and gave Lewis Fuller an opportunity to purge the contempt finding. After she refused to do so, the court assessed a $400 fine against her.

¶ 19    Lewis Fuller appeals the court's July 11, 2022, order.  That order (a) denied Lewis Fuller's petition to vacate the June 28, 2022, order, which revoked her appointment as Independent Administrator of Johnson's estate, and (b) appointed Bolden Bowers as Supervised Administrator of  Johnson's estate. Lewis Fuller raises a number of additional issues on appeal as well, including whether (i) the court "improperly dismissed the petition to remove the administrator Stacey Bolden," (ii) the court "showed nepotism and favoritism to Stacey Bolden because she is an attorney" and (iii) the "judge and [Bolden Bowers] violate[d] the Supreme Court standards of

judicial conduct with *ex-parte* communications." However, these issues arise from other motions and petitions filed by Lewis Fuller that post-date, and are not the subject of, the court's July 11, 2022, order. Because they are not properly before us, we will not address them.

¶ 20                                    II. ANALYSIS

¶ 21                                    A. Jurisdiction

¶ 22    As a threshold matter, Bolden Bowers contends that we lack jurisdiction to consider this appeal because Lewis Fuller erroneously filed the notice of appeal as a new case instead of filing it in connection with her pending case, number 21 P 3698.

¶ 23    "Jurisdiction is conferred upon the appellate court through the timely filing of a notice of appeal." *In re Application of the County Treasurer,* 214 Ill. 2d 253, 261 (2005). Illinois Supreme Court Rule 303 states that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "Neither the circuit court nor the appellate court has the authority to excuse compliance with the filing requirement of Rule 303." *Swinkle v. Illinois Civil Service Commission*, 387 Ill. App. 3d 806, 810 (2009).

¶ 24    In *Maywood-Proviso State Bank v. Village of Lisle,* the court stated that,

"[w]hile the filing of a notice of appeal is jurisdictional, such notice is to be liberally construed. The purpose of the notice of appeal is to inform the appellee that the appellant seeks review by a higher court. A notice of appeal should be considered as a whole and will be deemed to confer jurisdiction on an appellate court if it fairly and adequately sets out the judgment complained of and the relief sought, thereby advising the successful litigant of the nature of the appeal. Where the deficiency in the notice is one of form, rather

5

than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal."

234 Ill. App. 3d 206, 214-15 (1992) (internal citations omitted). See also *Department of Transportation v. Galley,* 12 Ill. App. 3d 1072, 1075 (1973) ("the purpose of a notice of appeal is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal"); *People ex rel. Pickerill v. New York Cent. R. Co,* 391 Ill. 377, 380 (1945) ("[i]f, when considered as a whole, the notice fairly and adequately sets out the judgement or decree complained of, \*\*\* the court to which the appeal is to go, and the relief sought \*\*\* in such a way that the successful litigant may be advised of the nature of the proceedings, the absence of strict technical compliance in connection with the form of the notice should not be fatal").

¶ 25    Here, Lewis Fuller timely filed her notice of appeal on July 26, 2022, with the Clerk of the circuit court of Cook County. In her notice of appeal, Lewis Fuller indicated that she wanted to appeal the court's July 11, 2022, order in case number 2021 P 003698. On July 26, 2022, a copy of the notice was emailed to Bolden Bowers' attorney, Gottlieb. However, it appears that when Lewis Fuller electronically filed her notice of appeal, she erroneously selected the new case icon, which resulted in her notice of appeal being assigned a new case number, 22 P 5540, instead of being linked to the pending case, number 2021 P 3698.

¶ 26    We find that this technical error was not a fatal one because the contents of Lewis Fuller's notice of appeal put Bolden Bowers on notice that Lewis Fuller planned to appeal the court's July 11, 2022, order. As required by Rule 303, Lewis Fuller filed her notice of appeal with the circuit court within 30 days of the circuit court's July 11, 2022, order denying her motion to vacate the June 28, 2022, order. The notice of appeal correctly identified the circuit court judge, correctly

listed the circuit court case number as 2021 P 3698, and stated that Lewis Fuller was appealing the court's July 11, 2022, order. A copy of the notice was emailed to Bolden Bowers' attorney. Because Lewis Fuller's error was "one of form rather than substance" and did not prejudice Bolden Bowers in any way (*Maywood-Proviso State Bank v. Village of Lisle,* 234 Ill. App. 3d at 214-15), we reject Bolden Bowers' argument that we lack jurisdiction to hear Lewis Fuller's appeal because the notice of appeal was electronically filed under a new case number.

¶ 27    We are otherwise secure in our jurisdiction to hear Lewis Fuller's appeal of the interlocutory order that she challenges. Rule 304(b)(1) provides that "[a] judgment or order entered in the administration of an estate *** which finally determines a right or status of a party" is appealable on an interlocutory basis without a special finding, and the Committee Comments to the Rule identify "appointing or removing an executor" as an example of a final appealable order under the Rule. Ill. S. Ct. R. 304(b)(1); see also *Cushing v. Greyhound Lines, Inc.,* 2012 IL App (1st) 100768, ¶ 85 (concluding that an order changing an administrator's status was appealable under Rule 304(b)(1)).

¶ 28                    B. Noncompliance with Supreme Court Rule 341

¶ 29    Bolden Bowers next urges us to dismiss Lewis Fuller's appeal because her brief does not comply with Supreme Court Rule 341, which provides that an appellant's brief must include a statement of facts "contain[ing] the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal," and an argument section with "citation of the authorities and the pages of the record relied on." Ill. Sup. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Lewis Fuller's brief does not meet either of these requirements. Nevertheless, "because Rule 341 is not a limitation on the court's jurisdiction, but an admonishment to the parties," (*Kic v. Bianucci*, 2011 IL App (1st)

100622, ¶ 23), we opt to address Lewis Fuller's claims as best we understand them. In so doing, "our consideration of this case will be restricted to matters of record" and we will "simply disregard" any documents that are not part of the record on appeal. *Keener v. City of Herrin,* 235 Ill. 2d 338, 346 (2009); *Oruta v. B.E.W. and Continental,* 2016 IL App (1st) 152735, ¶ 32 ("if the materials are not taken from the record, they may not generally be placed before the appellate court *** and will be disregarded"). We now turn to the merits of Lewis Fuller's claims.

¶ 30   C. The Court's Removal of Lewis Fuller as Administrator Was Not Against the Manifest Weight of the Evidence

¶ 31   Lewis Fuller argues that the circuit court erred in removing her as administrator of Johnson's estate. We review the circuit court's decision to remove Lewis Fuller under the manifest weight of the evidence standard. See *In re Estate of Kirk*, 242 Ill. App. 3d 68, 74 (1994) ("The trial court's decision to remove an executor will not be disturbed on review unless it is against the manifest weight of the evidence.") The circuit court's ruling is against the manifest weight of the evidence only if it is "unreasonable, arbitrary and not based on evidence, or when the opposite conclusion is clearly evident from the record." *In re Estate of Savio*, 388 Ill. App. 3d 242, 247 (2009).

¶ 32   Section 23-2(a) of the Probate Act of 1975 ("Act"), which addresses removal of an administrator of an estate, states that a representative can be removed for a number of reasons, including if the representative "wastes or mismanages the estate," "becomes incapable of or unsuitable for the discharge of the representative's duties," or if "there is other good cause." 755 ILCS 5/23-2(a)(4), (9), (10) (West 2020). "If on the hearing the court finds that [the representative] should be removed for any cause listed in Section 23-2, the court may remove him and revoke his letters." 755 ILCS 5/23-3(c) (West 2020).

¶ 33 Here, the court appointed Lewis Fuller as administrator of Johnson's estate on February 10, 2022. After Lewis Fuller's counsel moved to withdraw, the court issued an order on April 11, 2022, which stated that Lewis Fuller "must retain an attorney, or face sanctions including possible removal." Lewis Fuller did not appear in court on May 17, 2022. When Lewis Fuller appeared at a hearing on June 28, 2022, and still had not retained counsel, the court stated that the "Letters of Office for Darlene Fuller, which had been suspended are now revoked."

¶ 34 Because transcripts of the court proceedings were not made part of the record on appeal, the basis for the circuit court's revocation decision is not entirely clear. However, it was Lewis Fuller's responsibility to provide a full record to this court on appeal, so any doubts we have will be resolved against her. See *Foutch v. O'Bryant,* 99 Ill. 2d 389, 392 (1984) ("Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.")

¶ 35 Nevertheless, the record provides ample grounds to support the court's revocation decision. First, on April 11, 2022, the court ordered Lewis Fuller to "retain an attorney, or face sanctions including possible removal." Lewis Fuller failed to comply with the court's order, which, standing alone, provides sufficient grounds for removal. See *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶¶ 6, 7 (finding that petitioner could not "represent the legal interests of Decedent's estate in a *pro se* capacity *** since he [was] not a licensed attorney," explaining that "although a *pro se* litigant is entitled to represent his own personal interests, a non-attorney cannot represent another's legal interests on behalf of that individual"). Second, as Lewis Fuller acknowledges in her appellate brief, she was "interested in purchasing the existing real estate parcel belonging to the Estate," which potentially gave rise to a conflict of interest between her role as administrator of Johnson's estate and as a potential purchaser of the estate's assets. According to Lewis Fuller's motion for substitution of judge, at the June 28, 2022, hearing Bolden Bowers' attorney "said

9

something about [Lewis Fuller] buying the building and being administrator at the same time" to imply that she "would try to take the building." Finally, Bolden Bowers' attorney told the judge that it "had come to his attention that [Lewis Fuller] had gifted [Johnson's] car away." Lewis Fuller argues that this "accusation" was another one of the things that "helped sway the judge into allowing Stacey Bolden Bowers to be the administrator, *knowing that this is grounds for the removal of an administrator.*" (Emphasis added.)

¶ 36    Section 23-2(a) of the Act permits the court to revoke a representative's appointment as administrator for a number of reasons, including if the administrator becomes "unsuitable," for "wast[ing] or mismanag[ing] the estate," or for "good cause" shown. 755 ILCS 5/23-2(a)(4), (9), (10) (West 2020). Based on the information that we have divined from this sparse record, we find that the court's decision to revoke Lewis Fuller's appointment as administrator was not against the manifest weight of the evidence.

¶ 37    D. The Court's Decision to Appoint Bolden Bowers as Supervised Administrator was Not Against the Manifest Weight of the Evidence

¶ 38    Lewis Fuller also argues that the circuit court erred by appointing Bolden Bowers as Supervised Administrator of Johnson's estate. However, section 5/9 of the Act states that "legatees" are "entitled to preference" over "grandchildren" in "obtaining the issuance of letters of administration and of administration with the will annexed," and Bolden Bowers is Johnson's legatee, whereas Lewis Fuller is a grandchild. 755 ILCS 5/9-3(b), (d) (West 2020). Thus, under the statute, Bolden Bowers was "entitled to preference" over Lewis Fuller in obtaining the issuance of letters of administration, which further supports the circuit court's decision to appoint Bolden Bowers as administrator. Section 5/9-1 of the Act states that any person "who has attained the age of 18 years, is a resident of the United States, is not of unsound mind, is not an adjudged person

10

with a disability as defined in this Act and has not been convicted of a felony, is qualified to act as administrator." 755 ILCS 5/9-1 (West 2020). Lewis Fuller does not argue – nor is there anything in the record – to indicate that Bolden Bowers was not qualified to act as an administrator under the statute. And although Lewis Fuller argues on appeal that Bolden Bowers "mismanaged the Estate when she embezzled $52,000 from William Johnson," nothing in the record indicates that Lewis Fuller ever raised this issue to the circuit court *before* Bolden Bowers was appointed as administrator. Thus, we find that the circuit court's decision to appoint Bolden Bowers as administrator was not against the manifest weight of the evidence.

¶ 39                                     E. Contempt Order

¶ 40     Lewis Fuller also appeals the court's criminal contempt finding against her. However, the court did not hold her in contempt until September 12, 2022, which was after she filed her notice of appeal in this case on July 26, 2022. The court gave her the opportunity to purge the contempt finding at a hearing held on November 17, 2022, but after Lewis Fuller refused to apologize for her actions, the court assessed a $400 fine against her. Lewis Fuller did not file a separate notice of appeal from the November 17, 2022, contempt order.

¶ 41     "An order finding a person or entity in contempt of court which imposes a monetary or other penalty" is appealable on an interlocutory basis under Illinois Supreme Court Rule 304(b)(5). Ill. S. Ct. R. 304(b)(5). Rule 304 states that "[t]he time in which a notice of appeal may be filed from a judgement or order appealable under this rule *** shall be as provided in Rule 303." Rule 303 requires the notice of appeal to be filed within 30 days. Ill. Sup. Ct. R. 303(a)(1) ("the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from"). The court issued its order, imposing contempt sanctions against Lewis Fuller, on November 17, 2022, but she never filed a notice of appeal from that order. She may not

use her appeal of the circuit court's July 11, 2022, order to challenge the contempt sanctions order. See *General Motors Corp. v. Pappas,* 242 Ill. 2d 163, 176 (2011) ("A notice of appeal confers jurisdiction on a court of review to consider only the judgment or parts of judgments specified in the notice of appeal.") For this reason, we lack jurisdiction to consider Lewis Fuller's argument relating to the contempt sanctions order.

¶ 42                                     III. CONCLUSION

¶ 43    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 44    Affirmed.