*In re* ESTATE OF EMMA C. LINDBERG, Deceased.—(ELIDA MURPHY, Ex'rx of the Estate of Emma C. Lindberg, Petitioner-Appellee, *v.* MELVIN S. LINDBERG, Respondent-Appellant.)

Second District   No. 75-517

Opinion filed June 6, 1977.

James P. Minnihan, of Sycamore, for appellant.

John A. Leifheit, of Leifheit, Cliffe & Engel, of De Kalb, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order approving a final account filed by the executrix of the last will and testament of Emma C. Lindberg. The respondent-appellant is one of four children of the decedent. The issues presented for review are whether the trial court erred (1) in denying respondent's request for statutory penalty interest of 10 percent, or, in the alternative, (2) in denying respondent's request for simple interest on his undistributed portion of the estate.

Decedent died on July 1, 1950, and was survived by four children who were to share equally in her estate under her will; a daughter, Elida Murphy, was named executrix and was given the power to sell real estate. The estate consisted of a bank account in the amount of $101.90 and two parcels of real estate. For approximately eight years, executrix collected the rents, paid the taxes, made repairs and in general managed the real estate.

On July 7, 1956, the executrix filed a final account and report in the estate which reflected receipts of approximately $6,200 chiefly from rent and expenditures of approximately $5,600 which included general taxes and expenses for maintaining the real estate and also, reimbursement to her brother (not the respondent) for the hospital and funeral bill of the decedent. This final account and report was approved by the county judge on June 26, 1956, and from this order the respondent took an appeal to the circuit court; this appeal was dismissed by agreement of counsel and the matter was remanded to the county court for further proceedings by order of the circuit court on June 25, 1958.

In 1958, the two parcels of real estate were sold and executrix delivered her deed and collected the proceeds of sale. On July 11, 1958, she filed a supplemental final account and report which included the proceeds of the sale of the real estate as well as the rent she had collected and the expenses she had paid; it provided for a net distribution for each heir of approximately $4,500. The respondent then filed objections to this report alleging mismanagement and the crediting of improper fees for petitioner and her attorney. Thereafter, the parties stipulated to an amendment eliminating the fees of the executrix of $300 and the fees of her attorney in the same amount; this account was approved by the county court on November 14, 1958. On December 2, 1958, respondent filed a petition to vacate this order by reason of the death of one of the beneficiaries. On September 25, 1959, the order approving the account and report was vacated; on October 2, 1959, the executrix filed her second amended supplemental final account reflecting the distribution of the share of the deceased beneficiary to his heirs. On November 17, 1959, respondent filed objections to this account alleging that the power to sell the real

estate had been abandoned prior to its exercise and, further, that the rent collected and expenses paid did not belong in the estate.

The next action in the estate proceedings occurred on November 5, 1964, when respondent filed a petition to compel his attorney to withdraw and to deliver to him certain estate papers including two checks from executrix representing partial distribution of his share. Respondent also petitioned the court to require the executrix to file a new final account and report. On February 26, 1965, a hearing was set on this final account and report and on that date respondent's attorney withdrew and no date was set for a further hearing.

On August 2, 1974, the executrix served notice for a hearing on August 15, 1974, seeking approval of a new final account. Respondent filed objections to this account and, at this time, claimed interest for the failure of the executrix to make earlier distribution of his share of the estate. On March 12, 1975, the court conducted a hearing on this account and report and, after modification, it was approved by an order entered on September 26, 1975; this order denied respondent's claim for interest. It is from this order that respondent brings his appeal to this court.

■■■ Respondent urges that section 308 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 308) mandates a surcharge of 10 percent interest when an executor delays in making distribution of the estate under the circumstances shown by this record. This statute is penal in nature and should be strictly construed; also, it provides for an exception to imposition of the penalty "for good cause shown." (*In re Estate of Kapraun* (1959), 21 Ill. App. 2d 231.) With these rules in mind we review the record. It is noted that the respondent filed an objection to every attempt that the executrix made to close this estate and make distribution. During the pendency of this estate, the respondent was represented by many different attorneys, five of whom formally entered their respective appearances at different stages. The evidence at the hearing before the trial judge demonstrates that whenever the executrix endeavored to close the estate, respondent would file an objection and, if necessary to delay the hearing, would secure a new attorney or his former attorney would seek to withdraw; furthermore, the executrix collected the rents and managed the two parcels of real estate for eight years prior to the sale; these receipts were technically not part of the estate (decedent having died prior to the effective date of section 219a of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 219a) and therefore no compensation was allowed her or her attorney for these services. In the light of the entire record, we are satisfied that the trial judge had a reasonable basis for finding "good cause" for refusing to allow the statutory penalty of 10 percent. See *Levi v. Stern* (1944) 324 Ill. App. 82 (abstract).

■■ Respondent contends, in the alternative, that he should be granted

simple interest on his undistributed share of the estate. In addition to the facts previously recited, it should be pointed out that the executrix did endeavor to make a partial distribution to the beneficiaries of this estate and that a check in the sum of $145 and another for $2,000 had been delivered to one of the attorneys who at one time represented the respondent; these checks were never found or cashed. Furthermore, it appears that executrix was 83 years old at the time of the last hearing in 1974; that her attorney who was jointly on the estate bank account passed away in 1967; that executrix in no way profited by the delay in distribution as the funds remained in a checking account at all times. The granting of interest is governed by equitable considerations and will not be allowed if it is not just. (*Lewis v. West Side Trust & Savings Bank* (1941), 376 Ill. 23.) Unquestionably, the executrix should have closed and distributed this estate long before the order involved in this appeal. On the other hand, respondent engaged in obstructive tactics calculated to delay and for this reason equitable considerations moved the trial judge to deny his claim for simple interest. We find from the record that the circuit court properly acted within its discretion. We therefore find no error in the denial of simple interest.

The order approving the final account and distribution of the executrix and denying the claims of the respondent is accordingly affirmed.

Affirmed.

GUILD and NASH, JJ., concur.