*In re* MARRIAGE OF CATHERINE MURPHY, n/k/a Catherine M. Madonia, Petitioner-Appellee, and MICHAEL R. MURPHY, Respondent-Appellant.

Fourth District   No. 4—01—0292

Opinion filed February 6, 2002.

COOK, J., dissenting.

Michael R. Murphy, of Springfield, appellant *pro se.*

Catherine Madonia, of Springfield, appellee *pro se.*

JUSTICE STEIGMANN delivered the opinion of the court:

Section 508(a)(3.1) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(a)(3.1) (West 2000)) provides that a trial court may award attorney fees for "[t]he prosecution of any claim on appeal (if the prosecuting party has substantially prevailed)." This case presents the issue of what the phrase "substantially prevailed" means as used in that section.

## I. BACKGROUND

In November 1992, the trial court dissolved the marriage of petitioner, Catherine Murphy (now Madonia), and respondent, Mi-

chael R. Murphy, and awarded physical custody of their child, Robert, to Catherine, subject to Michael's visitation. The court also divided the marital estate, which included a large personal injury settlement, and awarded Catherine $600 in monthly child support. Catherine appealed the court's decision, and this court affirmed (*In re Marriage of Murphy*, 259 Ill. App. 3d 336, 631 N.E.2d 893 (1994)).

In January 1994, while her appeal was pending, Catherine filed a petition to modify child support, alleging that an increase in Michael's salary constituted a substantial change in circumstances. In November 1998, the trial court entered an order increasing Michael's monthly child support obligation to $850. Catherine appealed that order, arguing that the trial court erred (1) in modifying Michael's support obligation by (a) applying the law-of-the-case doctrine and refusing to consider as part of Michael's net income the $90,000 annuity payments he received pursuant to the personal injury settlement, (b) deviating downward from the statutory support guidelines, and (c) making the increased support obligation retroactive only to January 1998; and (2) by refusing to award her attorney fees. This court agreed that the trial court had erred by awarding child support in an amount lower than the statutory minimum (750 ILCS 5/505(a)(1) (West 1998)) and remanded the cause for further proceedings. As to Catherine's remaining issues, this court affirmed the trial court's judgment. *In re Marriage of Murphy*, No. 4—99—0215 (January 10, 2000) (unpublished order under Supreme Court Rule 23).

In September 2000, Catherine filed a motion for attorney fees incurred in prosecuting her appeal. Catherine attached her attorney's billing records to the motion, showing a total cost of over $7,000.

In October 2000, the trial court conducted a hearing to address (1) Catherine's motion for attorney fees incurred in prosecuting her appeal, (2) this court's order on remand, and (3) Michael's petition for rule to show cause demanding that Catherine pay her share of some of Robert's medical expenses. The only testimony directly related to Catherine's motion for attorney fees was as follows:

"Q. [CATHERINE'S ATTORNEY]: And now, [Catherine], when you prosecuted the appeal, did you incur attorney's fees?

A. [CATHERINE]: Yes, I did.

Q. And have you paid those attorney's fees?

A. No. I paid some of them, part of them. Not all of them.

Q. And you entered into an agreement with me for an hourly rate as set forth in our motion?

A. Yes, I did."

No evidence was presented regarding the parties' financial circumstances. However, Catherine's attorney argued as follows: "The [c]ourt

has the parties' affidavits and incomes available to them from the time which this motion was arranged. I trust that the [c]ourt can review the motion and its prior evidence and the record and make an appropriate determination."

Following the hearing, the trial court ordered, in pertinent part, as follows:

"Upon consideration of all statutory factors, the [c]ourt awards to [Catherine's attorney] the sum of $1,750.00 for attorney fees on appeal. *** The court having taken into account the continuous litigation between the parties and the need to resolve outstanding matters for the appropriate administration of justice directs that taking into further account the fact that [Michael] owes $848 in unpaid child support plus $1[,]750 in attorneys fees for a sum of $2,598 and that [Catherine] owes to [Michael] the sum of $1,974.82 in unpaid medical expenses, directs that [Michael] pay to [Catherine] the sum of $623.82 within 30 days."

In January 2001, Michael filed a posttrial motion and supporting memorandum arguing, in pertinent part, that the trial court erred by ordering him to pay a portion of Catherine's attorney fees on appeal. In March 2001, the trial court denied Michael's motion. Michael appeals, arguing only that the trial court erred by ordering him to pay a portion of the attorney fees Catherine incurred in prosecuting her appeal. We reverse.

## II. THE ATTORNEY FEE AWARD

Michael argues that the trial court erred by ordering him to pay a portion of Catherine's attorney fees on appeal when she did not (1) substantially prevail on appeal or (2) show that she was unable to pay her own attorney fees. Because we agree with Michael's first argument, we need not address his second.

■ Attorney fees are generally the responsibility of the party who incurred them. *In re Marriage of Hasabnis*, 322 Ill. App. 3d 582, 598, 749 N.E.2d 448, 461 (2001). However, section 508 of the Act allows a trial court, at its discretion, to award attorney fees under certain circumstances. 750 ILCS 5/508(a) (West 2000); *In re Marriage of Minear*, 181 Ill. 2d 552, 562, 693 N.E.2d 379, 383 (1998), quoting *In re Marriage of Bussey*, 108 Ill. 2d 286, 299-300, 483 N.E.2d 1229, 1235 (1985). Pursuant to section 508(a)(3.1) of the Act, fees may be awarded in connection with "[t]he prosecution of any claim on appeal (if the prosecuting party has substantially prevailed)." 750 ILCS 5/508(a)(3.1) (West 2000). Statutes that provide for an award of attorney fees are in derogation of common law and must be strictly construed. *Ardt v. State of Illinois*, 292 Ill. App. 3d 1059, 1063, 687 N.E.2d 126, 129 (1997). Thus, before awarding a party attorney fees for the prosecu-

tion of her appeal, the trial court must determine—as a threshold matter—whether the party "substantially prevailed" on appeal. What it means to "substantially prevail" on appeal under the Act has never been considered by a court of review. Thus, this case presents a question of first impression.

A. "Prevailing Parties"—Illinois Law

The following Illinois statutes allow for attorney fee awards to "substantially prevailing" parties: (1) section 11(i) of Illinois' Freedom of Information Act (Illinois FOIA) (5 ILCS 140/11(i) (West 2000)); (2) section 3(d) of the Open Meetings Act (5 ILCS 120/3(d) (West 2000)); and (3) section 13 of the Motor Vehicle Franchise Act (Franchise Act) (815 ILCS 710/13 (West 2000)). The phrase "substantially prevailing" has been construed only under the Illinois FOIA; however, that construction is specifically tailored to that statute and thus provides us with little guidance. See, *e.g.*, *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 786, 709 N.E.2d 1281, 1288 (1999) (holding that a "substantially prevailing" party must show that (1) prosecution of the action was "reasonably necessary" to obtain the information sought, and (2) a causal nexus exists between the action and the agency's surrender of the information).

Illinois courts have generally defined a "prevailing" party for the purposes of a fee-shifting provision as one who (1) "is successful on any significant issue in the action and achieves some benefit in bringing suit," (2) receives a judgment in his favor, or (3) achieves an affirmative recovery. *Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861, 726 N.E.2d 687, 694 (2000). Relying on federal law, Illinois courts have also held that "[t]o qualify as a prevailing party, a plaintiff must succeed in obtaining *some relief* from the defendant against whom attorney fees are sought." (Emphasis added.) *Community Consolidated School District No. 54 v. Illinois State Board of Education*, 216 Ill. App. 3d 90, 94, 576 N.E.2d 250, 253 (1991), citing *Max M. v. Illinois State Board of Education*, 684 F. Supp. 514, 523 (N.D. Ill. 1988); see also *Brewington v. Illinois Department of Corrections*, 161 Ill. App. 3d 54, 63-64, 513 N.E.2d 1056, 1063 (1987); *Becovic v. City of Chicago*, 296 Ill. App. 3d 236, 240, 694 N.E.2d 1044, 1047 (1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 50, 103 S. Ct. 1933, 1939 (1983), for the proposition that a "prevailing party" need only have prevailed on any one significant issue and received *some* of the benefit they sought in filing suit).

B. "Prevailing Parties"—the Federal Experience

Certain federal statutes allow attorney fee awards to "prevailing" or "substantially prevailing" parties. Most notably, section 1988 of the

Civil Rights Attorney Fee's Awards Act of 1976 (Awards Act) (42 U.S.C. § 1988 (1994)) provides that courts may award attorney fees to prevailing parties in enforcement actions under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 1983 (1994)) and other federal statutes. Similarly, section 552 of the Freedom of Information Act (federal FOIA) (5 U.S.C. § 552(a)(4)(E) (1994)) provides that courts may award attorney fees to parties who "substantially prevail" against the United States in actions brought under the federal FOIA.

According to the United States Supreme Court, "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111, 121 L. Ed. 2d 494, 503, 113 S. Ct. 566, 573 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12, 121 L. Ed. 2d at 503, 113 S. Ct. at 573; see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603, 149 L. Ed. 2d 855, 862, 121 S. Ct. 1835, 1839-40 (2001) (a prevailing party is one who receives "at least some relief on the merits of his claim"). Even a plaintiff who is awarded only nominal damages is a prevailing party under section 1988 of the Awards Act (42 U.S.C. § 1988 (1994)). *Farrar*, 506 U.S. at 112, 121 L. Ed. 2d at 504, 113 S. Ct. at 573. The degree to which a plaintiff prevails goes not to the question of eligibility for an award of attorney fees, but to the determination of the reasonable amount to be awarded. *Farrar*, 506 U.S. at 114, 121 L. Ed. 2d at 505, 113 S. Ct. at 574. As the *Farrar* Court explained, "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar*, 506 U.S. at 115, 121 L. Ed. 2d at 505-06, 113 S. Ct. at 575.

When the District of Columbia Court of Appeals was called upon to construe the term "substantially prevail" under the federal FOIA, it declined to clearly define the term but doubted "that plaintiffs could be said to have 'substantially prevailed' if they, like Pyrrhus, have won a battle but lost the war." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 356 (D.C. Cir. 1978). (Although subsequent cases have more clearly defined what it means to "substantially prevail" under the federal FOIA, the definition of that phrase as used in the federal FOIA is specifically tailored to that act. See *Lovell v. Department of Justice*, 589 F. Supp. 150, 153 (D.D.C. 1984).) See also *Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) (in which the Seventh Circuit Court of Appeals recognized that a

distinction exists between merely "prevailing" and "substantially prevail[ing]" under section 13 of the Motor Vehicle Franchise Act (815 ILCS 710/13 (West 2000)) (concluding that "substantially prevailing" parties shall be awarded reasonable attorney fees), but declined to clarify the distinction).

## C. The Act

■ If a "prevailing party" in a lawsuit is one who has prevailed merely in part, then one may logically conclude that to "substantially prevail" requires something more. "In interpreting a statute, the primary goal is to give effect to the intention of the legislature, and the primary source to determine that intent is the language of the statute itself." *Phoenix Bond & Indemnity Co. v. Pappas*, 309 Ill. App. 3d 779, 787, 723 N.E.2d 280, 286 (1999). "Substantial" is defined in the dictionary as meaning "considerable in quantity," "significantly great," or "being largely but not wholly that which is specified." Merriam-Webster's Collegiate Dictionary 1170 (10th ed. 2000). Thus, to "substantially prevail" would mean to prevail to a "significant" degree, or to "largely," even if not "wholly," prevail.

We presume that the legislature enacts laws with full knowledge of existing laws and the construction those laws have been given by the courts that have construed them. *People ex rel. Klaeren v. Village of Lisle*, 316 Ill. App. 3d 770, 782, 737 N.E.2d 1099, 1110 (2000); *State of Illinois v. Mikusch*, 138 Ill. 2d 242, 247-48, 562 N.E.2d 168, 170 (1990). Thus, when the legislature elects to use terms of art, as here regarding "prevailing" and "substantially prevailing," it does so in the context of preexisting law, and the legislature is presumed to know how courts have previously construed those terms.

■ Section 508(a)(3.1) was added to the Act by the enactment of Public Act 89—712, which took effect on June 1, 1997. Pub. Act 89—712 § 5, eff. June 1, 1997 (1996 Ill. Laws 4060). We thus presume that the legislature was familiar with the construction courts had previously given to the term "prevail" and opted to require instead that a party "substantially" prevail to prevent application of the lower threshold for "prevailing" that had been applied in other contexts. If the legislature had used the word "prevailed," we would not hesitate to conclude that (1) even a partial victory on appeal would entitle an appellant to attorney fees under the Act and (2) the degree of the appellant's success goes to the determination of a reasonable award. However, in light of the legislature's decision to allow attorney fees under section 508(a)(3.1) of the Act only to those appellants who "substantially prevail" on appeal, we are compelled to consider the degree of the appellant's success as an eligibility threshold.

## D. The Present Case

■ Like those who have grappled with the issue before us, we cannot definitively say what the term "substantially prevail" means in all cases. However, we are confident that whatever it means, Catherine did not substantially prevail on her appeal. In that appeal, Catherine argued that the trial court erred (1) in modifying Michael's support obligation by (a) applying the law-of-the-case doctrine and refusing to consider Michael's $90,000 annuity payments as part of his net income, (b) deviating downward from the statutory child support guidelines, and (c) making the increased support obligation retroactive only to January 1998 rather than January 1997; and (2) by refusing to award her attorney fees.

By prevailing on the second of her four issues on appeal (that the trial court erred by deviating downward from the statutory guidelines), Catherine gained an additional $132 per month in child support. Had she also prevailed on her first argument regarding Michael's annuity payments, she would have been entitled to monthly child support payments of an additional $1,500. Had Catherine prevailed on her argument regarding retroactivity, the modified child support award would have been retroactive to January 1997, and she would have been entitled to either (1) another $1,584 ($132 per month for one year), or (2) another $19,584 (had she prevailed on her first and second issues). Because the record does not show the amount that Catherine originally sought for attorney fees, we cannot assess what she would have gained had she prevailed on her final claim. Nevertheless, Catherine obtained a mere fraction of the relief she sought and, thus, did not "substantially prevail."

We stress that our determination that Catherine did not substantially prevail is not based on the mere fact that she prevailed on only one out of four contentions raised. Rather, our analysis measures the relief sought against the relief obtained on appeal. To substantially prevail—that is, to "largely but not wholly" prevail—suggests that one has to obtain at least 50% of the relief she seeks. Cf. *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) (noting that litigants who win less than 10% of their initial demand are deemed not to be prevailing parties).

Because Catherine did not substantially prevail on appeal, she was not entitled to recover attorney fees under section 508(a)(3.1) of the Act (750 ILCS 5/508(a)(3.1) (West 2000)), and the trial court abused its discretion by ordering Michael to pay a portion of those fees.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent and would affirm the decision of the trial court.

Prior to the 1997 amendments, section 508 specifically allowed the court to order any party to pay costs and attorney fees "necessarily incurred" or "expected to be incurred by any party, which award shall be made in connection with *** (3) [t]he defense of an appeal of any order or judgment under this Act." 750 ILCS 5/508(a)(3) (West 1996). It has been held that former section 508 only allowed fee awards in the defense of appeals. *In re Marriage of Wentink*, 132 Ill. App. 3d 71, 81, 476 N.E.2d 1109, 1116 (1984). A later case disagreed with *Wentink*. Although section 508(a)(3) specifically referred to the defense of an appeal, the broad language of section 508(a)(1) (" '[t]he "maintenance or defense of any proceeding" under th[is] Act' " (*In re Marriage of Pick*, 167 Ill. App. 3d 294, 304, 521 N.E.2d 121, 128 (1988), quoting Ill. Ann. Stat., ch. 40, par. 508, at 120 (Smith-Hurd Supp. 1987))) allowed recovery for the prosecution of a *successful* appeal. *Pick*, 167 Ill. App. 3d at 305, 521 N.E.2d at 128 ("outcome determinative" test is predicated on the absence of any benefit to the party prosecuting the appeal; the expenses of an unsuccessful appeal are not "necessarily incurred"); see also 2 Gitlin on Divorce §§ 19—3(a), 19—8 (3d ed. 2000).

The 1997 amendments brought about a complete overhaul of the fee provisions of the Act. D. Hopkins, *"Leveling the Playing Field" in Divorce: Questions and Answers About the New Law*, 85 Ill. B.J. 410 (1997) (hereinafter Hopkins). The 1997 amendments deleted the prospective-fee language in section 508 and replaced it with new language in section 501(c—1) dealing with interim fees. Pub. Act 89—712, § 5, eff. June 1, 1997 (1996 Ill. Laws 4055-56); Hopkins, 85 Ill. B.J. at 411-12. The 1997 amendments deal with interim attorney fees awarded from the opposing party, contribution to attorney fees from the opposing party at the conclusion of the case, and attorney fees awarded to counsel from a former client. Pub. Act 89—712, § 5, eff. June 1, 1997 (1996 Ill. Laws 4055-56) (750 ILCS 5/508 (West 1998)). The goals of the 1997 amendments were "to achieve substantial parity in parties' access to funds for litigation costs" (Pub. Act 89—712, § 5,

eff. June 1, 1997 (1996 Ill. Laws 4054) (750 ILCS 5/102(5) (West 1998))) and to address conflict-of-interest concerns. Hopkins, 85 Ill. B.J. at 413.

The 1997 amendments retained former section 508's listing of possible proceedings in which attorney fees might be awarded. 750 ILCS 5/508(a)(1) through (a)(5) (West 1996). The amendments added a new subparagraph (3.1), apparently to resolve the dispute between *Wentink* and *Pick*, adopting the position taken in *Pick*. Awards may be made in connection with "(3.1) The prosecution of any claim on appeal (if the prosecuting party has substantially prevailed)." Pub. Act 89—712, § 5, eff. June 1, 1997 (1996 Ill. Laws 4060) (750 ILCS 5/508(a)(3.1) (West 1998)). It is now possible to recover attorney fees for the prosecution of an appeal, but only if the party prosecuting the appeal has been successful.

The phrase "substantially prevailed" appears to mean that it is not sufficient that the party has technically prevailed. A nominal victory is not sufficient. There must be a victory in substance, a real victory. The primary definition of "substantial" is "1a: consisting of or relating to substance b: not imaginary or illusory: REAL, TRUE c: IMPORTANT, ESSENTIAL." Merriam-Webster's Collegiate Dictionary 1170 (10th ed. 2000); *cf. In re D.F.*, 321 Ill. App. 3d 211, 219-20, 748 N.E.2d 271, 279 (2001) (employing a secondary definition), *appeal pending*, No. 91556.

The majority's requirement that there be an overwhelming victory before attorney fees can be awarded runs counter to the spirit of the 1997 amendments, which sought to prevent the situation where an economically disadvantaged spouse is forced to "cave in" to a truly unfair settlement. If we accept the majority's position, Catherine could only appeal a judgment which was grossly out of line. There would be no economic way for Catherine to appeal where the dollar value of the error was less than the cost of appeal. Catherine should have accepted the trial court's award of child support below the guidelines amount, even though "[t]here seems to be no conceivable reason why the legislature should want to deny compensation for services in reversing an erroneous and therefore unjust decree." *Bramson v. Bramson*, 17 Ill. App. 2d 87, 100, 149 N.E.2d 399, 405 (1958).

The majority's new rule, that "one has to obtain at least 50% of the relief she seeks" (327 Ill. App. 3d at 852) before attorney fees may be awarded, is without support in the statute or the case law. If a party has a legitimate basis for appeal we should not attempt to discourage that party from raising other issues as well, even though the party thereby risks obtaining less than 50% of the relief sought. The appellate court should attempt to provide guidance on trouble-

some issues, not penalize parties for raising issues other than sure winners.

Finally, the trial court determined that Catherine was entitled to attorney fees on appeal, that Catherine had "substantially prevailed" in the appellate court. The trial court's determination is entitled to deference and should not be reversed absent an abuse of discretion. *Lustig v. Horn*, 315 Ill. App. 3d 319, 328, 732 N.E.2d 613, 621 (2000) (determination that work performed was "necessary"); *In re Estate of Kirk*, 292 Ill. App. 3d 914, 923, 686 N.E.2d 1246, 1253 (1997) (deference given to trial court in awarding attorney fees). The argument could be made that this court is as well-qualified as the trial court to determine whether a party has "substantially prevailed" on appeal. However, we have recently ruled that we have no jurisdiction over attorney fees on appeal. *In re Marriage of Baylor*, 324 Ill. App. 3d 213, 216, 753 N.E.2d 1264, 1266 (2001).